UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



*****************************************************

| | | |
|---|---|---|
| LINDA PENDLETON, on behalf of herself, and all others similarly situated, | * * * | CIV 16-4171 |
| Plaintiff, | * * | |
| vs. | * * | MEMORANDUM OPINION AND ORDER DENYING MOTION TO |
| 1st FINANCIAL BANK, USA | * * | STAY PROCEEDINGS |
| Defendant. | * * | |

*****************************************************

Plaintiff, Linda Pendleton ("Pendleton"), filed a putative class action Complaint against Defendant, 1st Financial Bank, USA ("1st Financial"), seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The Complaint alleges that 1st Financial used an automatic telephone dialing system ("ATDS") and "an artificial or prerecorded voice" system to call Pendleton's cellular telephone sometimes multiple times a day, attempting to collect an alleged debt owed by her adult son. 1st Financial moves to stay this case pending a ruling by the D.C. Circuit in a case involving the definition of an ATDS. (Doc. 18.) Pendleton resists the motion. For the following reasons, the motion to stay will be denied.

## BACKGROUND

The TCPA makes it unlawful "to make any call ... using any automatic telephone dialing system or an artificial or prerecorded voice to any ... cellular telephone service ... or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii). Congress defined the term "automatic telephone dialing system" as "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1)(A) and (B). Congress vested the Federal Communication

Commission ("FCC") with authority to issue regulations implementing the TCPA. *See* 47 U.S.C. § 227(b)(2).

On July 10, 2015, the Federal Communications Commission ("FCC") issued a Declaratory Ruling and Order addressing key language in the TCPA, including whether dialing equipment meets the definition of an ATDS "when it does not have the 'current capacity' or 'present ability' to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made." Doc. 19-5, FCC 15-72 at 7972. The FCC looked at the language of the TCPA which expressly defines "automatic telephone dialing system" as "equipment which has the *capacity*" to store or produce telephone numbers, FCC 15-72 at 7973, and the FCC reiterated two of its previous rulings stating that "autodialers need only have the 'capacity' to dial numbers, rather than the 'present ability'" to do so, *id.* at 7974. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." *Id.* at 7974.

The FCC's July 10, 2015 ruling ("FCC ruling") is binding on federal courts pursuant to the Administrative Orders Review Act, also known as the Hobbs Act. *See Vonage Holdings Corp. v. Minn. Pub. Util. Comm'n*, 394 F.3d 568 (8th Cir. 2004) (holding that FCC Declaratory Order and Opinion is binding on the court). The Hobbs Act reserves to the courts of appeals the "exclusive jurisdiction to determine the validity of FCC orders." *Nack v. Walburg*, 715 F.3d 680, 685-86 (8th Cir. 2013) ("[T]he procedural path designed by Congress serves a number of valid goals: It promotes judicial efficiency, vests an appellate panel rather than a single district judge with the power of agency review, and allows 'uniform, nationwide interpretation of the federal statute by the centralized expert agency created by Congress' to enforce the TCPA.") (quoting *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 450 (7th Cir. 2010)). Petitions challenging the 2015 FCC ruling defining an ATDS were filed in the D.C. Circuit and the Seventh Circuit. *See* Doc. 19-2. By order of the Judicial Panel on Multidistrict Litigation, the petitions were consolidated pursuant to 28 U.S.C. § 2112(a)(3) and assigned to the D.C. Circuit under the heading of *ACA International v. Federal Communications Commission and United States of America*. *See id.* Oral argument was heard on October 18, 2016. *See* Doc. 19-4. A decision has not yet been issued.

1st Financial contends that this case should be stayed until the D.C. Circuit decides if the FCC exceeded its authority in finding that dialing equipment meets the definition of an ATDS if the equipment has the capacity to store or produce telephone numbers.

## DISCUSSION

As an initial matter, the Court will grant 1st Financial's unopposed request in Doc. 20 to take judicial notice of records filed in other federal courts and of the FCC Declaratory Ruling and Order. *See Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 996-97 (8th Cir. 2007) ("we may take judicial notice of proceedings in other courts that relate directly to matters at issue").

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A stay determination implicates a court's "power to coordinate the business of the court efficiently and sensibly." *Landis*, 299 U.S. at 255. Ultimately, the court's decision whether to issue a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

The party requesting a stay "bears the burden of establishing its need." *Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007). Specifically, the proponent "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damages to some one else." *Landis*, 299 U.S. at 255. Courts have held that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

In support of its motion to stay, 1st Financial argues that: 1) it will suffer harm in the form of unnecessary litigation fees and expenses; 2) granting a stay will serve the public interest by simplifying the issues and promoting judicial economy; and 3) Pendleton will not be prejudiced by

3

a relatively short stay until the D.C. Circuit's ruling in *ACA International*. According to 1st Financial, Pendleton's claims could be rendered moot if the D.C. Circuit rejects the FCC's interpretation of "capacity," and a short stay until the D.C. Circuit issues its decision will not prejudice Pendleton but rather will conserve resources both for the parties and the Court. 1st Financial cites a number of cases in which the district courts have granted motions to stay pending the *ACA International* appeal.

Pendleton counters that she could be irreparably damaged by having to wait to conduct discovery as witnesses' memories fade and documents potentially become misplaced. She points out that she has a separate claim under the TCPA for 1st Financial's use of an artificial or prerecorded voice, which *ACA International* does not affect. Regardless of how the D.C. Circuit rules in *ACA International*, Pendleton will still need to conduct discovery on the telephone dialing equipment used by 1st Financial to place the calls to her and the putative class. Pendleton further argues that 1st Financial has not shown any hardship or inequity other than having to litigate the case, which is not sufficient to satisfy its burden to establish that a stay is warranted. Pendleton cites numerous cases where the district courts denied stays pending resolution of the appeal in *ACA International*.

Based on the circumstances in this case and the arguments of the parties, the Court finds that a stay is not warranted. Pendleton filed the Complaint in this case on December 16, 2016. There is no indication when the D.C. Circuit will issue an opinion in *ACA International*, or that the outcome will be favorable to TCF's position that the FCC's interpretation of the term "automatic telephone dialing system" in the TCPA is unreasonable.[1] Even if the D.C. Circuit's decision is favorable to TCF and is binding on this Court, that decision will not affect Pendleton's additional claim that 1st

---

[1] When Congress has delegated authority to an administrative agency to interpret and implement a federal statute, courts must give the agency's interpretation deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Under *Chevron*, the agency's "view governs if it is a reasonable interpretation of the statute – not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the courts." *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009).

Financial used an artificial or prerecorded voice system to call Pendleton's cellular telephone sometimes multiple times a day.[2] Discovery will be needed on that separate issue. For these reasons, the Court is not convinced that a stay will simplify the issues or conserve resources. As the case progresses and if the D.C. Circuit's decision in *ACA International* becomes relevant, 1st Financial may raise it at the summary judgment stage.

1st Financial has failed to make a clear showing that it will suffer hardship or inequity if it is required to go forward with this case. Accordingly,

IT IS ORDERED:

1. That 1st Financial Bank, USA's motion to stay pending a ruling by the D.C. Circuit, doc. 18, is denied.

2. That 1st Financial shall file an answer to the complaint within five days of receipt of this Order.

Dated this 11th day of September, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahyou
(SEAL)    DEPUTY

---

[2] 1st Financial submitted a Declaration of Michael Aguirre in support of its motion to stay. *See* Doc. 24. In paragraph four, Mr. Aguirre avers that "1st Financial did not use an artificial or prerecorded voice to call Plaintiff without Plaintiff's prior consent." *Id*. 1st Financial has not even answered the Complaint in this case, and at this juncture the Court is only determining if a stay is warranted; it is not resolving any disputes of fact. The conclusory statements in the Aguirre declaration do not assist the Court in ruling on the motion to stay.

5